UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET M. STOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV224 TIA |
| | ) |
| THOMAS J. VILSACK, | ) |
| Secretary, Department of Agriculture, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On January 31, 2011, Plaintiff filed an Employment Discrimination Complaint in federal court, alleging that the Defendant discriminated against her by failing to promoter her on the basis of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and on the basis of disability under the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* On that same date, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis and Financial Affidavit, along with the Motion for Appointment of Counsel. The Court granted the motion to proceed in forma pauperis on February 7, 2011. The parties participated in a Rule 16 Conference on June 2, 2011, during which time Plaintiff acted on her own behalf. No other motions, dispositive or otherwise, have been filed in this case.

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (quoting Edgington v. Missouri Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995)). When determining whether to appoint counsel for an indigent

plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present her claim. Id. (citing Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint and Defendant's Answer, the Court finds that appointment of counsel is not warranted at this time. The facts of this case are not complex. Plaintiff raises only two claims, that Defendant discriminated against her based on her age and disability in not promoting her during her employment with the U.S. Department of Agriculture, Rural Development. Further, the undersigned notes that Plaintiff has thus far clearly articulated and presented her legal claims to the Court. In addition, there are currently no pending issues for the Plaintiff to address, and she appears able to investigate the facts of her case. Because the factual nature and the legal issues of this case are not complex, the undersigned finds that at this time Plaintiff's motion should be denied. Plaintiff is free to renew her motion in the event that such circumstances change in the future.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. #4] is **DENIED** without prejudice.

Dated this 24th day of August, 2011.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE