UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET STOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:11CV224 TIA |
| ) | |
| THOMAS J. VILSACK, in his official capacity ) | |
| as Secretary of the United States Department ) | |
| of Agriculture, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## **Background**

As part of its motion, Defendant has attached a Statement of Uncontroverted Material Facts ("SUMF"). (ECF No. 21)  Plaintiff has failed to respond to Defendant's statement of facts.  Under Rule 4.01(E) of the Local Rules of the United States District Court for the Eastern District of Missouri, "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  Therefore, the Court sets forth the following facts as presented by the Defendant in this matter:

The United States Department of Agriculture ("USDA") employed Plaintiff as a GS-525-7 Accounting Technician during the relevant period until April 13, 2008, when she was promoted to a GS-510-7 Accountant for the USDA.  Plaintiff applied for a promotion to the Accountant position on August 29, 2007 and was informed on October 15, 2007 that she was not selected for promotion.

Allison Suhre was the USDA selecting official for the Accountant position in August 2007. Ms. Suhre selected Karen Leadlove, whose grade level and salary decreased by accepting the GS-7 Accountant position. Ms. Suhre selected Ms. Leadlove from a list of candidates rated "best qualified," and Plaintiff was on this list as well. Ms. Suhre selected Ms. Leadlove because her "knowledge and experience was more specific to the position being filled and more extensive than that of [P]laintiff." At the time of this hiring, Ms. Suhre was unaware of Plaintiff's exact age. In addition, although Ms. Suhre know that Plaintiff had diabetes, the diabetes was not a factor in the decision not to hire. Further, Ms. Suhre did not consider Plaintiff to be disabled, as her diabetes did not prevent her from performing the essential functions of her job.

Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint on December 27, 2007, alleging that she had been discriminated against on the basis of her age and disability when the USDA did not select her for the Accountant position. The USDA issued a final agency decision regarding Plaintiff's complaint on June 28, 2010, finding that no discrimination occurred with respect to the allegations raised in the complaint. Plaintiff filed a timely appeal with the EEOC, and on September 28, 2010, the EEOC affirmed the USDA's determination. Plaintiff's Request to Reconsider was subsequently denied by the EEOC.

On March 4, 2008, Plaintiff was selected for a GS-510-7 Accountant position. This promotion was effective April 13, 2008. Further, the promotion was at the same grade level and salary as the 2007 open position. Tracy Galloway was the selecting officer for the Accountant position given to Plaintiff on March 4, 2008. Ms. Galloway received a list of candidates rated by the selection panel as "best qualified," including Plaintiff. Ms. Galloway selected Plaintiff because she "had the background, information, and skills necessary to perform the duties of the position." In fact,

her "knowledge and experience was more specific to the position being filled and more extensive than that of the other candidates." Ms. Galloway was unaware of Plaintiff's pending EEO action regarding her non-selection for an accountant position in another branch, and the EEO action was not a factor in Plaintiff's selection.

On January 31, 2011, Plaintiff filed an Employment Discrimination Complaint in federal court, alleging discrimination on the basis of age, under the Age Discrimination in Employment Act of 1967, as amended, 42 U.S.C. §§ 621, et seq., and on the basis of disability, under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq. (Employment Discrimination Compl., ECF No. 1) Plaintiff alleges that the discrimination occurred in 2008 and that the conduct was a failure to promote Plaintiff because of her disability and age. (Id.) Specifically, Plaintiff maintains that her age and disability were a factor in not selecting her for promotion based on alleged comments made by co-workers regarding her age and health between 2000 and 2008 while working with Rural Development. (Id.) Plaintiff seeks compensatory damages for eight years she had not been promoted. (Id.)

On March 28, 2012, Defendant filed a Motion to Dismiss, or Alternatively, for Summary Judgment. Plaintiff filed a response on April 18, 2012, and Defendant subsequently filed a reply on April 27, 2012.

## **Legal Standards**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all

reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324. Self-serving, conclusory, statements, standing alone, are insufficient to defeat a well-supported motion for summary judgment. O'Bryan v. KTIV Television, 64 F.3d 1188, 1191 (8th Cir. 1995).

With regard to motions to dismiss, a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact

pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

## Discussion

### A.  Disability Discrimination under the Rehabilitation Act

Defendant first argues that the case should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Specifically, Defendant maintains that Plaintiff has failed to establish that she was disabled under the Rehabilitation Act because she has not pled any facts indicating that her diabetes rises to the level of a disability. Defendant relies on documents outside the pleadings, including the final agency decision, an Addendum to a previous statement made by Plaintiff, and Plaintiff's own deposition testimony to assert that Plaintiff's diabetes did not affect her job performance in any way. However, "'Rule 12(b)(6) itself provides that when matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.'" McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (quoting Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir.1999)). The Court finds that these documents are pertinent to the disposition of the case, and therefore the Court will only address Defendant's alternate Motion for Summary Judgment.

In addressing the summary judgment motion, the Court finds that summary judgment is warranted in this case. The Rehabilitation Act provides in pertinent part:

> [n]o otherwise qualified individual with a disability in the United

> States, . . . , shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). Rehabilitation Act cases are subject to the burden-shifting analysis set forth in McDonnell Douglas Corp. v.Green, 411 U.S. 792, 802-05 (1973). Stipe v. Shinseki, 690 F. Supp. 2d 850, 874 (E.D. Mo. 2010) (citation omitted). This burden-shifting analysis requires Plaintiff to establish a *prima facie* case of disability discrimination. Id. Once this burden is discharged, "the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action(s)." Id. If the defendant articulates such legitimate reason, then the burden shifts back to the plaintiff to demonstrate that the defendant's stated reason is a pretext for discrimination. Id. (citation omitted). "To establish a prima facie case of disability discrimination, a plaintiff must show: (1) that she was disabled, (2) that she was qualified to do the essential job function with or without reasonable accommodation, and (3) that she suffered an adverse action due to her disability." Buboltz v. Residential Advantages, Inc., 523 F.3d 864, 868 (8th Cir. 2008) abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (citation omitted).

Here, Plaintiff has failed to establish a *prima facie* case of disability discrimination within the meaning of the Rehabilitation Act. An individual with a disability is "one who (1) has a physical or mental impairment that substantially limits one or more such person's major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment." Gadd v. United States, No. 4:08CV04229 SWW, 2010 WL 60953, at *4 (E.D. Ark. Jan. 5, 2010) (citing 29 U.S.C. § 706(8)(B)). Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Id. (citing 29 C.F.R.

§ 1630.2(i)). "'Substantially limits' means unable to perform a major life activity that the average person in the general population can perform, or significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to an average person in the general population." Raines v. Potter, No. 4:04CV550 RWS, 2006 WL 176106, at *4 (E.D. Mo. Jan. 24, 2006) (citing 29 C.F.R. § 1630(j)(1)(i)-(ii)).  In resisting a motion for summary judgment, a plaintiff bears the burden of presenting evidence demonstrating how an impairment "substantially affects [her] major life activities or the duration and frequency of any limitations."  Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 724 (8th Cir. 2002).

In the instant case, Plaintiff has failed to provide any evidence demonstrating that she has a disability that substantially limits a major life activity.  To the contrary, Plaintiff stated in an Addendum to her statement that her diabetes "does not in any way affect [her] job performance." (Addendum, Def.'s Ex. G, ECF No. 21-7)  Further, she stated that her doctor gave her no restrictions and that her diabetes was under control with insulin.  (Id.)  Her employer was aware of her diabetes only because she informed them.  (Id.)  In addition, Plaintiff testified in her deposition that her employer, USDA, did not view her as disabled.  (Stock Dep. 21:16-18; 22:6-9, ECF No. 22) Likewise, selecting officer Allison Suhre stated that she did not consider Plaintiff disabled, as she did not believe that Plaintiff's diabetes prevented her from performing the essential functions of her position.  (Suhre Aff., Def.'s Ex. J ¶ 7, ECF No. 21-10)  In response to the exhibits presented by the Defendant in support of its motion for summary judgment, Plaintiff filed an opposition stating that she did not wish to share what she could or could not do but rather demonstrate the work she could perform.  Plaintiff has failed to satisfy the first prong of a *prima facie* case of disability discrimination, that she suffers from a disability.  Therefore, Plaintiff's Rehabilitation Act claim fails as a matter of

law, and Defendant is entitled to summary judgment. See Raines, 2006 WL 176106, at *5 (granting summary judgment on plaintiff's disability discrimination claim under the Rehabilitation Act where plaintiff provided no information about the nature, severity, or expected duration of his impairment).

### B.  Age Discrimination under the ADEA

Next, Plaintiff asserts that Defendant discriminated against her on the basis of age in failing to promote her in 2007. The Age Discrimination in Employment Act ("ADEA") "prohibits discrimination against employees, age 40 and over, because of their age." Rahlf v. Mo-Tech Corp., Inc., 642 F.3d 633, 636-37 (8th Cir. 2011) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). Where a plaintiff relies on circumstantial evidence rather than direct evidence to support her claim for age discrimination, the McDonnell Douglas burden-shifting framework set forth above applies. Id. To establish a *prima facie* claim of failure to promote based on age discrimination, the plaintiff must present evidence that: "(1) [she] is a member of a protected group; (2) [she] was qualified for an available position; (3) [she] was rejected; and (4) employees similarly situated but not part of the protected group were promoted instead." Flynn v. AT & T Yellow Pages, 780 F. Supp. 2d 886, 895 (E.D. Mo. 2011).

Here, not only does Plaintiff fail to present any evidence that a similarly situated employee not part of the protected group was promoted instead, but the record shows that the person promoted, Karen Leadlove, was also a member of the protected group. Ms. Leadlove was 41 years old at the time of her selection, rendering her within the protected age group under the ADEA. (Notification of Personnel Action, Def.'s Ex. K, ECF No. 21-11)  Plaintiff has "an actionable claim for discriminatory failure to promote if another employee outside [her] protective group was actually

8

promoted." <u>Flynn</u>, 780 F. Supp. 2d at 896.  As such, Plaintiff is unable to satisfy the fourth prong of a *prima facie* age discrimination case, and Defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (Doc. No. 18) is **GRANTED.**  A separate Judgment shall accompany this Memorandum and Order.


          /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this  8th  day of January, 2013.